UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DELASHUN BAGGETT,

    Plaintiff,

v.       CAUSE NO. 3:25-CV-336 DRL-SJF

JHON DOE *et al.*,

    Defendants.

OPINION AND ORDER

Delashun Baggett, a prisoner without a lawyer, filed a complaint against several unidentified defendants. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Baggett alleges that, for no reason, unknown officers employed at the Miami Correctional Facility entered and searched his room and confiscated personal items while he was showering on March 6, 2025.[1] He was allegedly assaulted in the shower with mace

---

[1] To the extent Mr. Baggett is attempting to state a claim based on the loss of his property, he can't proceed. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law[.]" But the loss of property, alone, doesn't state a claim under the Fourteenth Amendment. That amendment requires a loss of property *without due process*. Here, Indiana provides a process for Mr. Baggett to use if he believes property has been wrongfully taken from him, and that process satisfies the due process clause.

and a weapon. He was then placed in handcuffs and shoved into tables and chairs while naked. His attackers put him in front of the only transexual individual in the unit. He was surrounded by people who were laughing at him. One of the officers put their finger in Mr. Baggett's anus. He further claims he was molested and covered in feces. He seeks monetary damages and asks that criminal charges be brought against his attackers.

The Eighth Amendment prohibits cruel and unusual punishment—including the application of excessive force—against prisoners convicted of crimes. *McCottrell v. White*, 933 F.3d 651, 662 (7th Cir. 2019). The "core requirement" of an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the threat posed to the safety of staff and inmates, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* at 890. Here, giving Mr. Baggett the benefit of all favorable inferences, he has stated a claim against the officers who allegedly attacked him while he was in the shower without cause. The warden will be added as a party to this action solely for the purpose of assisting in identifying the individuals

---

Indiana's Tort Claims Act (Indiana Code § 34-13-3-1 *et seq.*) and other laws provide for state judicial review of property losses caused by government employees and provide an adequate post deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due.").

responsible for spraying Mr. Baggett with mace, attacking him with a weapon, and shoving him into tables and chairs while handcuffed and blinded from the use of mace.

"An unwanted touching of a person's private parts, intended to humiliate the victim or gratify the assailant's sexual desires, can violate a prisoner's constitutional rights whether or not the force exerted by the assailant is significant." *Washington v. Hively*, 695 F.3d 641, 643 (7th Cir. 2012) (collecting cases). Recognizing that some limitations regarding necessary touching apply to prisoners, the court noted:

> [a] judgment of imprisonment strips a prisoner of that right to be let alone, and many other interests as well. Custodians must be able to handle, sometimes manhandle, their charges, if a building crammed with disgruntled people who disdain authority (that's how the prisoners came to be there, after all) is to be manageable. . . . . [However, s]exual offenses forcible or not are unlikely to cause so little harm as to be adjudged *de minimis*, that is, too trivial to justify the provision of a legal remedy. They tend rather to cause significant distress and often lasting psychological harm.

*Id*. at 643. The plaintiff in *Washington* alleged that "while patting him down the guard spent five to seven seconds gratuitously fondling the plaintiff's testicles and penis through the plaintiff's clothing and then while strip searching him fondled his nude testicles for two or three seconds[.]" *Id*. at 642. He claimed he "complained vociferously to the defendant about the pat down and strip search while they were going on, to no avail," and that he suffered psychological harm as a result of the guard's "gratuitous and offensive invasion of his private space." *Id*. at 642, 644. The court found he had stated a claim because, "[w]e don't see how the defendant's conduct if correctly described by the plaintiff could be thought a proper incident of a pat down or search[.]" *Id*. at 644. Here, further factual development may reveal that the contact Mr. Baggett describes was part

3

of a lawful strip search; but, giving Mr. Baggett the benefit of the inferences he's entitled to at this stage of the case, he will be permitted to proceed on this claim. The warden will also be required to assist in identifying the individual that touched or contacted Mr. Baggett's anus or genitalia on March 6, 2025.

Finally, the court addresses Mr. Baggett's request that the individuals involved in mistreating him be criminally charged. Mr. Baggett doesn't have a constitutional right to force an investigation of the alleged wrongdoing. *See e.g. Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence . . . a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *United States v. Palumbo Bros., Inc.*, 145 F.3d 850, 865 (7th Cir. 1998) ("[C]riminal prosecution is an executive function within the exclusive prerogative of the Attorney General."); *see also Rossi v. City of Chicago*, 790 F.3d 729, 735 (7th Cir. 2015) (plaintiff "does not have a constitutional right to have the police investigate his case at all, still less to do so to his level of satisfaction").

For these reasons, the court:

(1) ORDERS the clerk to add the Warden of the Miami Correctional Facility as a defendant to this action solely for the purpose of identifying unknown defendants;

(2) GRANTS Delashun Baggett leave to proceed against John Doe defendants in their individual capacities for compensatory and punitive damages for using excessive force against Mr. Baggett by spraying him with mace, assaulting him with a weapon, and shoving him into tables and chairs without justification on March 6, 2025, in violation of the Eighth Amendment;

4

(3) GRANTS Delashun Baggett leave to proceed against John Doe defendants in their individual capacities for compensatory and punitive damages for sexually assaulting him or conducting a strip search in a manner designed to humiliate him on March 6, 2025, in violation of the Eighth Amendment;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) the Warden of the Miami Correctional Facility at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(6) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information;

(7) WAIVES the obligation of the Warden of the Miami Correctional Facility to file an answer to the complaint; and

(8) ORDERS the Warden of the Miami Correctional Facility to appear and file with the court a notice providing the names of each individual involved in the March 6, 2025, incidents described in Mr. Baggett's complaint, including any individual who used mace on Mr. Baggett, used a weapon on Mr. Baggett, shoved Mr. Baggett into tables and chairs, strip searched Mr. Baggett, placed their finger in Mr. Baggett's anus, or made contact with Mr. Baggett's genitalia OR if unable to do so, explain in detail the steps taken to identify these individuals **by September 23, 2025**;

SO ORDERED.

August 25, 2025                              *s/ Damon R. Leichty*
                                             Judge, United States District Court