UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DELASHUN BAGGETT,

    Plaintiff,

    v.   CAUSE NO. 3:25-CV-336 DRL-SJF

GAVIN HARRIS, THORNBERRY,
AUSTIN LEACH, JALEB WALSH, ELI
CHALK,

    Defendants.

OPINION AND ORDER

Delashun Baggett, a prisoner without a lawyer, was granted leave to proceed on two claims. ECF 6 at 4-5. He was granted leave to proceed against John Doe defendants in their individual capacities for compensatory and punitive damages for using excessive force against Mr. Baggett by spraying him with mace, assaulting him with a weapon, and shoving him into tables and chairs without justification on March 6, 2025, in violation of the Eighth Amendment. He was also granted leave to proceed against John Doe defendants in their individual capacities for compensatory and punitive damages for sexually assaulting him or conducting a strip search in a manner designed to humiliate him on March 6, 2025, in violation of the Eighth Amendment. The warden of the Miami Correctional Facility was added for the purpose of identifying the unknown defendants. The warden responded and provided information about the identities of individuals involved in the events that gave rise to this lawsuit. ECF 10. The warden identified Officer Eli Chalk, Sgt. Austin Leach, and Officer Jayleb Walsh as being involved in the

deployment of oleoresin capsicum (OC) spray on March 6, 2025. He also identified Sgt. Serena Day, Sgt. Jared Eakright, and Lt. Trisha Carty (n/k/a Trisha Coons) as being involved in an incident on March 5, 2025 or March 6, 2025. Mr. Baggett was granted an opportunity to amend his complaint to name the previously unknown defendants. ECF 14.

On November 7, 2025, Mr. Baggett filed an amended complaint naming Gavin Harris, Thornberry, Austin Leach, Jaleb Walsh, and Eli Chalk as defendants. ECF 18. Three of these individuals were identified by the warden as being involved in the incidents giving rise to this action. ECF 10.

On November 17, 2025, the court received another amended complaint from Mr. Baggett. ECF 20. This amended complaint appears to be identical to the one filed on November 7, 2025, except that the attached exhibits are different. "When a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward [and] wipes away prior pleadings[.]" *Chasensky v. Walker*, 740 F.3d 1088, 1094 (7th Cir. 2014) (quoting *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999)). Therefore, the amended complaint filed on November 17, 2025 (ECF 20), is the complaint currently before the court.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails

2

to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the amended complaint, Mr. Baggett alleges that, for no reason, on March 6, 2025, Officer Gavin Harris searched his cell and confiscated or destroyed personal items while other unknown officers stood guard. Mr. Baggett was showering while this took place. Mr. Baggett made these same allegations in his original complaint, although he did not include Officer Gavin Harris' name. The court explained that Mr. Baggett could not proceed on a claim for the destruction of his property because Indiana provides a process for Mr. Baggett to use if he believes property was wrongly taken from him, and that process satisfies due process. *See* ECF 6 n.1.

Mr. Baggett also alleged that he was assaulted in the shower with mace and a weapon. In his amended complaint, he indicates that the person who sprayed him with mace was a "fat guy" in his mid-twenties or early thirties, but he does not provide that individuals name.

Next, Mr. Baggett was placed in handcuffs and shoved into tables and chairs while naked. Mr. Baggett could not see clearly because of the mace, but he heard Sgt. Austin Leach laughing at him and felt Sgt. Leach touching his back. One of the officers put something in Mr. Baggett's anus. When it was removed, Mr. Baggett says it cut his anus. He further alleges that a guard picked up a t-shirt covered in feces that had been sitting outside the cell of a mentally unstable inmate and passed it to a tall, old, white, bald guard. The guard wrapped it around Mr. Baggett's head. The officers put Mr. Baggett in front of the only transexual individual in the unit and asked if this is what they wanted.

3

Then Mr. Baggett alleges that the guards took him in front of his own cell and attempted to fondle the area near his penis, although he squeezed his legs together tightly. There were correctional officers on both sides of Mr. Baggett, and he was left standing there for what felt like five minutes. Mr. Baggett seeks monetary damages.

As explained in the court's earlier screening order (ECF 6), the Eighth Amendment prohibits cruel and unusual punishment—including the application of excessive force—against prisoners convicted of crimes. *McCottrell v. White*, 933 F.3d 651, 662 (7th Cir. 2019). The "core requirement" of an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the threat posed to the safety of staff and inmates, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* at 890.

Furthermore, "[a]n unwanted touching of a person's private parts, intended to humiliate the victim or gratify the assailant's sexual desires, can violate a prisoner's constitutional rights whether or not the force exerted by the assailant is significant." *Washington v. Hively*, 695 F.3d 641, 643 (7th Cir. 2012) (collecting cases). Recognizing that some limitations regarding necessary touching apply to prisoners, the court noted:

> [a] judgment of imprisonment strips a prisoner of that right to be let alone, and many other interests as well. Custodians must be able to handle, sometimes manhandle, their charges, if a building crammed with disgruntled people who disdain authority (that's how the prisoners came to be there, after all) is to be manageable. . . . . [However, s]exual offenses

4

>   forcible or not are unlikely to cause so little harm as to be adjudged de minimis, that is, too trivial to justify the provision of a legal remedy. They tend rather to cause significant distress and often lasting psychological harm.

*Id.* at 643. The plaintiff in *Washington* alleged that "while patting him down the guard spent five to seven seconds gratuitously fondling the plaintiff's testicles and penis through the plaintiff's clothing and then while strip searching him fondled his nude testicles for two or three seconds[.]" *Id.* at 642. He claimed he "complained vociferously to the defendant about the pat down and strip search while they were going on, to no avail," and that he suffered psychological harm as a result of the guard's "gratuitous and offensive invasion of his private space." Id. at 642, 644. The court found he had stated a claim because, "[w]e don't see how the defendant's conduct if correctly described by the plaintiff could be thought a proper incident of a pat down or search[.]" *Id.* at 644.

Here, giving Mr. Baggett the benefit of all favorable inferences, he has again stated a claim against the officers who allegedly used excessive force against him by spraying him with mace, assaulting him with a weapon, and shoving him into tables and chairs without justification on March 6, 2025, in violation of the Eighth Amendment. And, he has again stated a claim against the officers who sexually assaulted him or conducted a strip search in a manner designed to humiliate him on March 6, 2025, in violation of the Eighth Amendment.

Though Mr. Baggett is having trouble identifying which officers were involved in specific actions due to his compromised vision after being sprayed with OC spray, it is clear from Mr. Baggett's complaint (including the exhibits) that he is alleging that Austin

5

Leach, Jaleb Walsh, Eli Chalk, and Gavin Harris were each directly involved in the alleged violations of his rights. Therefore, Mr. Baggett will be permitted to proceed against these officers.

Mr. Baggett has also named Thornberry as a defendant, but he does not allege that Thornberry was present during the events that took place in the shower or immediately after the shower. Instead, he alleges that Thornberry was a co-worker of the officers he was reporting, and Thornberry's presence when Mr. Baggett was giving his report made him uncomfortable. He also alleges that Thornberry was present when he was with nursing staff who were planning to collect specimens for a rape kit. Mr. Baggett felt the nurse was calling him a liar, and some staff members were yelling. Thornberry then grabbed Mr. Baggett and declared that the appointment was over. Thornberry dragged Mr. Baggett back to his cell and threw him in it. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the constitution. *Graham v. Conner*, 490 U.S. 386, 396 (1989), *quoting Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973), *cert. denied* 414 U.S. 1033 (1973). Here, it appears that Thornberry was rough with Mr. Baggett, but it cannot be plausibly inferred from the facts alleged in the amended complaint that Thornberry's conduct rose to the level of an Eighth Amendment violation. Therefore, he will be dismissed.

Mr. Baggett also filed an unsigned document titled as "Motion Court to Remove me from this Facility Immediately." ECF 21. In this motion, Mr. Baggett claims that the defendants are retaliating against him, and he asks that the court order that he be transferred to another facility. As an initial matter, the motion is unsigned. Federal Rule

of Civil Procedure 11(a) requires that all filings be signed. Furthermore, this is not the first time Mr. Baggett has filed a motion of this nature. In response to his last motion (ECF 16), the court explained that Mr. Baggett's request falls outside the scope of his complaint. ECF 17. This motion will be denied for the reasons stated in this court's November 5, 2025, order. ECF 17.

Mr. Baggett has also filed an unsigned document he titled as a "Motion for Summary Judgment." ECF 23. In this motion, he again claims that he is being retaliated against, and he asks that the court order that he be transferred to New Castle Correctional Facility. He also seeks to add defendants to this action, but a motion for summary judgment is not the correct way to add defendants to an amended complaint. Therefore, this motion will be denied.

Finally, Mr. Baggett filed a motion for counsel. ECF 24. "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (*citing Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007)). However, in some circumstances, the court may ask counsel to volunteer to represent indigent parties for free.

> When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?

*Pruitt v. Mote*, 503 F.3d at 654.

Here, there is no indication Mr. Baggett has made any attempt to obtain counsel on his own. "If . . . the indigent has made no reasonable attempts to secure counsel . . .,

7

the court should deny any [such requests] outright." *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992); *see also Pruitt*, 503 F.3d at 654; and *Bracey v. Grondin*, 712 F.3d 1012, 1016 (7th Cir. 2013). Therefore, the motion will be denied.

For these reasons, the court:

(1) DENIES Delashun Baggett's Motion Court to Remove me from this Facility Immediately (ECF 21);

(2) DENIES Delashun Baggett's Motion for Summary Judgment (ECF 23);

(3) DENIES Delashun Baggett's Motion to Appoint Counsel (ECF 24);

(4) The clerk is DIRECTED to send Delashun Baggett ten (10) copies of this screening order so he can include them with a letter to ten individual attorneys asking for representation.

(5) GRANTS Delashun Baggett leave to proceed against Austin Leach, Jaleb Walsh, Eli Chalk, and Gavin Harris in their individual capacities for compensatory and punitive damages for their participation on March 6, 2025, in any of the following alleged Eighth Amendment violations:

> (a) the use of excessive force against Mr. Baggett by spraying him with mace, assaulting him with a weapon, or shoving him into tables and chairs without justification; or
>
> (b) the sexual assault of Mr. Baggett or conducting a strip search in a manner designed to humiliate;

(6) DISMISSES all other claims;

(7) DISMISSES Thornberry;

(8) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate

8

and serve process on) Austin Leach, Jaleb Walsh, Eli Chalk, and Gavin Harris at the Indiana Department of Correction, with a copy of this order and the amended complaint (ECF 20);

(9) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(10) ORDERS, under 42 U.S.C. § 1997e(g)(2), Austin Leach, Jaleb Walsh, Eli Chalk, and Gavin Harris to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

January 23, 2026                              *s/ Damon R. Leichty*
                                              Judge, United States District Court